**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sergio Alex Martinez Martinez,<br>Petitioner,<br>v.<br>David R. Rivas, et al.,<br>Respondents. | No. CV-26-01934-PHX-SHD (ASB)<br>**ORDER** |

Pending before the Court is the pro se Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Amended Petition") filed by Sergio Alex Martinez Martinez ("Petitioner"). (Doc. 11.) Petitioner, a native and citizen of Honduras, has been detained by Immigration and Customs Enforcement ("ICE") since December 3, 2025. (Doc. 11 at 4; Doc. 15-1 ¶ 4.) The Court ordered Respondents to show cause why the Amended Petition should not be granted. (Doc. 12.)

In their Response filed on June 29, 2026, Respondents recount that on June 9, 2026, an immigration judge ordered Petitioner removed to Honduras but granted him withholding of removal to Honduras under the Convention Against Torture. (Doc. 15 at 1; Doc. 15-1 at 6–9.) Both parties waived appeal, and the order became final on June 25, 2026. (Doc. 15-1 ¶¶ 6–7.) Respondents assert that as a result, Petitioner is now detained under 8 U.S.C. § 1231(a). (Doc. 15 at 1–2.) On June 26, 2026, ICE notified Petitioner that it intends to remove him to Mexico, and ICE "may identify alternative third countries that may be willing to accept Petitioner for removal." (Doc. 15-1 ¶¶ 9–10.) Respondents argue that

any challenge to Petitioner's detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), is premature because he remains within the 90-day removal period. (Doc. 15 at 2, 4.) In his Reply, Petitioner argues that his continued detention violates *Zadvydas* and asks to be released. (Doc. 18 at 5, 7.)

The Court is not persuaded that Petitioner's challenge is premature. Measured from June 25, 2026, the removal period expired on or about September 23, 2026. *See* 8 U.S.C. § 1231(a)(1)(A)–(B). This Court has previously concluded that the six-month period recognized in *Zadvydas* is a rebuttable presumption, not a bar to a challenge brought before the six-month mark. *See Masoom v. Cantu*, No. CV-26-00218-PHX-SHD (CDB), Doc. 14 at 6–9 (D. Ariz. Feb. 26, 2026). Liberally construing Petitioner's filings, the Court will consider whether his continued detention is lawful under *Zadvydas*. However, the record on the likelihood of Petitioner's removal is limited and more than three months old. Respondents do not state whether Mexico has agreed to accept Petitioner, whether travel documents have been requested or issued, or whether a removal date has been scheduled. In addition, Petitioner states that he has not received Respondents' Response.[1] (Doc. 20.) The Court will therefore require a Supplemental Response, direct Respondents to serve the Response on Petitioner, and permit a Supplemental Reply.

The Court has reviewed Petitioner's Motion for Appointment of Counsel (Doc. 21). To appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), the Court must determine whether the "interests of justice" require the appointment of counsel. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of the likelihood of success on the merits and the movant's ability to articulate his claims in light of the complexity of the legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner, who is in no different position than many pro se immigration detainees, has not made the necessary showing for appointment of counsel. Therefore, the Court will deny the Motion without prejudice.

. . . .

[1] The Response (Doc. 15) does not include a certificate of service.

**IT IS ORDERED:**

(1) Petitioner's Motion for Appointment of Counsel (Doc. 21) is **denied without prejudice**.

(2) Within **fourteen days** of the date of this Order, Respondents must file a Supplemental Response. The Supplemental Response must be supported by documentary evidence, including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein, and must:

(a) address ICE's efforts to remove Petitioner since June 25, 2026, including any request that Mexico or another country accept him, any response, the status of travel documents, and any scheduled removal date;

(b) address whether Petitioner has expressed a fear of removal to any identified country and the status of any fear screening; and

(c) address whether Petitioner's continued detention is lawful under 8 U.S.C. § 1231(a)(6) and *Zadvydas*.

(3) Respondents must mail Petitioner a copy of the Response (Doc. 15), including its exhibits, within **two business days** of the date of this Order and file a certificate of service.

(4) Respondents must mail Petitioner a copy of the Supplemental Response when it is filed, and the Supplemental Response must include a certificate of service.

(5) Petitioner may file a Supplemental Reply within **fourteen days** after service of the Supplemental Response.

Dated this 6th day of October, 2026.



Honorable Sharad H. Desai
United States District Judge